UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HEATHER THOMPSON,

 Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.,

 Defendant.

Case No. 1:21-cv-01975

## COMPLAINT

**NOW COMES** Plaintiff, HEATHER THOMPSON, through undersigned counsel, complaining of Defendant, UNITED COLLECTION BUREAU, INC., as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. HEATHER THOMPSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 68 Timber Trails Court, Gilberts, Illinois 60136.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. UNITED COLLECTION BUREAU, INC. ("Defendant") is a corporation organized and existing under the laws of the state of Ohio.

1

7. Defendant maintains a principal place of business at 5620 Southwyck Boulevard, Toledo, Ohio 43614

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## GENERAL ALLEGATIONS

10. The statute of limitations for written contracts and debts is ten years.

11. The statute provides further: "if any payment or new promise to pay has been made, in writing … within or after the period of 10 years, then an action may be commenced thereon at any time within 10 years after the time of such payment or promise to pay." 735 ILCS 5/13-206.

12. That is, a new payment or written promise to pay starts a new ten-year clock.

13. The five-year limit of 735 ILCS 5/13-205 seems to apply if the plaintiff-debt collector does not have written proof of the debt.

14. Illinois courts hold that a new promise to pay will also start a new five-year clock under this statute.

## FACTUAL ALLEGATIONS

15. In December of 2012, Plaintiff received an offer for a credit card from Credit One Bank, N.A.

16. Plaintiff's application was approved, and Plaintiff received the credit card in the mail.

---

[1] **WHO WE ARE:** United Collection Bureau, Inc. (UCB) assists in the accounts receivable process for healthcare facilities, financial services businesses and government entities. https://ucbinc.com/ (last accessed April 13, 2021).

17. Plaintiff accepted the terms and conditions by using the credit card for personal and household purchases.

18. Plaintiff experienced financial distress in the early part of 2016.

19. The last payment was credited to the Account on January 4, 2016.

20. Plaintiff failed to make the minimum payment due the following month, or any payment after that.

21. Credit One Bank, N.A. "charged-off" the Account on August 9, 2016.

22. Credit One Bank, N.A. assigned the Account to FNBM LLC and MHC Receivables, LLC shortly after the Account was charged-off—on September 12, 2016.

23. FNBM LLC and MHC Receivables LLC, in turn, assigned the Account to Sherman Originator III LLC, who then assigned the Account to LVNV Funding LLC.

24. On or around December 22, 2020, LVNV Funding LLC assigned the Account for collection.

25. Defendant mailed Plaintiff a letter, dated January 20, 2021 (the "Letter"), which stated:

| | |
|---|---|
| Current Creditor | LVNV FUNDING LLC |
| Last Four Digits of Current Creditor Account Number | 5426 |
| Original Creditor | CREDIT ONE BANK, N.A. |
| Last Four Digits of Original Creditor Account Number | 4126 |
| United Collection Bureau, Inc. Reference Number | 71308617 |
| Account Balance | $1361.53 |

The above referenced account has been placed with our office for collection in full. However, in the event you meet the terms of one of our three offers below, United Collection Bureau, Inc. will accept a settlement for less than the amount owed on behalf of your creditor.

1. Settlement Offer Number 3764320 – Single Payment Offer
    Total Settlement Amount $680.77

United Collection Bureau, Inc. will accept the settlement amount stated for Settlement Offer Number 3764320 in the event that payment for the full settlement amount of $680.77 is received by February 22, 2021. We are not obligated to renew this offer.

2. Settlement Offer Number 3764321 – Multiple Payment Offer over Three Months
    Total Settlement Amount $748.84

> United Collection Bureau, Inc. will accept the settlement amount stated for Settlement Offer Number 3764321 in the event that payment in the amount of $249.62 is received by the 22nd of this month, and two additional payment of $249.61 by the 22nd calendar day of each of the next two months. We are not obligated to renew this offer.
>
> 3.   Settlement Offer Number 3764322 – Multiple Payment Offer over Six Months
>       Total Settlement Amount $816.92
>
> United Collection Bureau, Inc. will accept the settlement amount stated for Settlement Offer Number 3764322 in the event that payment in the amount of $136.17 is received by the 22nd of this month, and five additional payments of $136.15 by the 22nd calendar day of each of the next two months. We are not obligated to renew this offer.
>
> Pay online: WWW.UCBINC.COM
> (Click: "Make a Payment")
>
> Pay by phone: 1-877-455-8121
> (24 hours per day)
>
> Speak with a representative: 1-844-280-7655
> 8:00 a.m. – 9:00 p.m. E.T. Monday – Thursday
> 8:00 a.m. – 8:00 p.m. E.T. Friday
> (Exceptions will apply)
>
> You may pay any offered settlement on an accelerated basis. All offers are contingent upon clearance of funds.
>
> This is an attempt to collect a debt by United Collection Bureau, Inc., a debt collector, and any information obtained will be used for that purpose.

26. The $1,361.53 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

28. The statute of limitations on the Account had run—*as of January 4, 2021*.

29. The Letter *did not* inform Plaintiff that the effect of making (or agreeing to make) a partial payment on a time-barred debt is to revive the statute of limitations for enforcing that debt.

## **DAMAGES**

30. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

31. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

32. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

33. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

34. But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm, nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

35. Here, Defendant failed to comply with its obligation to provide substantive information; instead, deceptively seeking to entice payment from Plaintiff.

36. By doing so, Defendant presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect by enacting the FDCPA.

37. Although Plaintiff did not pay a portion of the debt (which could have caused Plaintiff to unknowingly waive a statute-of-limitations defense) as a result of Defendant's actions, misleading communications concerning the enforceability of a debt create a substantial risk that

such harms will occur, especially when viewed through the lens of the "unsophisticated consumer" as required by the FDCPA.

38. These are precisely the types of risks that flow from the misrepresentation of a consumer's legal rights that Congress sought to address in the FDCPA.

39. Concerned with having had her rights violated, Plaintiff sought counsel—expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

40. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

41. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2) The false representation of—
>
>   (A) the character, amount, or legal status of any debt.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

42. Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

43. Defendant clearly made "offers" to settle Plaintiff's $1,361.53 balance with savings. However, they failed to include any indication that collection of Plaintiff's $1,361.53 balance is

6

time-barred or that payment (or promise of payment) on Plaintiff's $1,361.53 balance could revive the statute of limitations.

44. Accordingly, Seventh Circuit precedent suggests that, as a matter of law, the Letter was misleading; violating 15 U.S.C. §§ 1692e(2)(A), e(10) and f because they were silent about the significant risk of losing the protection of the statute of limitations. *See McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014).

44. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10) and f pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.    find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10) and f;

B.    award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C.    award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: April 13, 2021          Respectfully submitted,

**HEATHER THOMPSON**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com